IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AMERIFACTORS FINANCIAL GROUP, LLC, | § § § § |
| Plaintiff, | § § |
| vs. | §  Case No.  1:22-cv-453 |
| ALLCO, LLC, | § § § § |
| Defendant. | § § |

**PLAINTIFF AMERIFACTORS FINANCIAL GROUP, LLC'S
ORIGINAL COMPLAINT**

COMES NOW AmeriFactors Financial Group, LLC ("AmeriFactors") complaining of ALLCO, LLC ("Defendant"), and respectfully shows the Court as follows:

## I.
## PARTIES

1. Plaintiff AmeriFactors is a Louisiana limited liability company with its place of business located at 1170 Celebration Blvd., Suite 100 Celebration, Florida 34747.  At all relevant times alleged herein and related to this action, the sole Member of AmeriFactors is Gulf Coast Bank and Trust Company, a Louisiana state-chartered bank with its principal place of business located at 200 St. Charles Avenue, New Orleans, LA 70130.

2. Defendant ALLCO, LLC ("ALLCO") is a Texas limited liability company with its principal place of business located at 6720 College Street, Beaumont, Texas 77707.  Both of ALLCO's members are citizens of Texas with residences located in Beaumont, Texas.  ALLCO may be served through its registered agent, T. W. Harrison, who is located at 6720 College Street, Beaumont, Texas 77707, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because there is total diversity among the parties and the amount in controversy exceeds $75,000. AmeriFactors is seeking monetary relief of over $250,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

4. Venue is proper in the Eastern District of Texas pursuant to Section 1391(b)(1) of the United States Code because the Defendant is a resident of the Eastern District of Texas. *See* 28 U.S.C. § 1391(b)(1)

## III.
## FACTUAL BACKGROUND

5. WG Pitts Caribbean LLC ("WG Pitts") provided services to Defendant related to certain construction projects. To secure payment for its services, WG Pitts invoiced Defendant in the total amount of $257,844.50. True and correct copies of the invoices sent to Defendant are attached hereto and incorporated herein as **Exhibit A**.

6. WG Pitts' invoices were then sold and assigned to AmeriFactors for good and valuable consideration. A true and correct copy of the Factoring Agreement between WG Pitts and AmeriFactors is attached hereto and incorporated herein as **Exhibit B**. As a result of the assignment, AmeriFactors is entitled to collect payment from Defendant on the outstanding invoices.

7. AmeriFactors took assignment of the invoices only after Defendant verified to AmeriFactors that WG Pitts had performed services as indicated in the invoice, that the invoiced amounts were due and owing, and that there were no disputes, claims of offset, credits owed, prior payments, discounts, or any other matters that would reduce Defendant's obligation to pay the full amount on the invoices. True and correct copies of the Verifications are attached hereto and

incorporated herein as **Exhibit C**. Defendant also promised to pay the amount due and owing directly to AmeriFactors. *Id*.

8. On February 1, 2022, AmeriFactors sent Defendant a demand to pay AmeriFactors the full amount due and owing under the invoice, but Defendant failed and/or refused to pay AmeriFactors the amount due and owing. *See* Exhibit A.

9. After application of all payments and credits, Defendant currently owes AmeriFactors $257,844.50, plus interest. Defendant has failed and/or refused to pay AmeriFactors the amount due and owing.

10. All conditions precedent to this action have been performed or have occurred.

## IV.
## BREACH OF CONTRACT

11. AmeriFactors realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

12. Defendant's promise in the account verification agreement to pay WG Pitts' invoices directly to AmeriFactors constitutes a contract, under which Defendant is obligated to pay to AmeriFactors the full amount of the WG Pitts invoices.

13. Defendant breached this contract by failing to pay AmeriFactors. As a direct and proximate result of Defendant's breach, AmeriFactors has suffered damages equal to the full outstanding amount of the invoice, or $257,844.50, plus prejudgment interest and costs.

## V.
## PROMISSORY ESTOPPEL

14. AmeriFactors realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

15. Prior to AmeriFactors' purchase of the WG Pitts invoices, Defendant verified that the invoiced amount was due, in full, and promised to pay the outstanding amount directly to AmeriFactors without discount or offset of any kind.

16. In reliance on Defendant's verification and promise to pay the full amount without discount or offset of any kind, AmeriFactors completed its purchase of the account.

17. Defendant knew or should have known that AmeriFactors would rely on Defendant's promise to pay the account, in full.

18. Injustice can be avoided only by enforcing Defendant's promise, and ordering it to pay the full amount due and owing, equal to $257,844.50, plus prejudgment interests and costs.

## VI.
## ATTORNEYS' FEES

19. AmeriFactors realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

20. Defendant's failure and/or refusal to pay the amount due and owing has forced AmeriFactors to bring this lawsuit. AmeriFactors made demand on Defendant, and Defendant has failed and/or refused to pay in full. AmeriFactors is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practices and Remedies Code § 38.001.

## VII.
## NOTICE - TRCP 193.7

21. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, AmeriFactors hereby gives notice to Defendant of its intent to use all documents and discovery material produced by any other party to this case at trial. Such discovery material includes, but is not limited to, all documents and other discovery any party produces to any other party in the above-entitled lawsuit.

## VIII.
## CONDITIONS PRECEDENT

22. All conditions precedent, if any, have been satisfied, waived, or are futile.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, AmeriFactors prays that Defendant ALLCO LLC be cited to appear and answer herein as required by law, and that upon final hearing AmeriFactors recover judgment against Defendant in the amount of $257,844.50, plus prejudgment interest and costs, and such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ Johnathan E. Collins

**Johnathan E. Collins**
 Texas Bar No. 24049522
 jcollins@sanderscollins.com
 (214) 430-4286 Direct
 (214) 288-1539 Cell
SANDERS COLLINS PLLC
325 N. St. Paul St., Suite 3100
Dallas, Texas  75201
Main Telephone:  (214) 775-0630
Facsimile:  (214) 242-3004
www.sanderscollins.com

**ATTORNEY FOR PLAINTIFF**